UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REYNOLDS VENTURES, INC.
D/B/A WRIGHT WAY EMERGENCY
SERVICES a/a/o Marram Corp.,

    Plaintiff,

v.                          Case No: 2:18-cv-306-FtM-29MRM

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.

## **OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss plaintiff's Amended Complaint and Motion to Strike Demand for Attorney's Fees (Doc. #17) filed on May 29, 2018. Plaintiff filed a Response in Opposition (Doc. #20) on June 12, 2018.

**I.**

Plaintiff initially filed this matter in the name of "The Wright Way Emergency Water Removal, LLC/Reynolds Ventures, Inc. a/a/o Marram Corp." in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida. (Doc. #2.) On May 3, 2018, defendant Scottsdale Insurance Company removed the matter to federal court on the basis of diversity jurisdiction. (Doc. #1.) On May 15, 2018, plaintiff filed an Amended Complaint

revising its name in the caption. (Doc. #10.) The plaintiff's name in the caption now reads "Reynolds Ventures, Inc. d/b/a Wright Way Emergency Services a/a/o Marram Corp." (Id.)

The Amended Complaint asserts that Marram Corp. purchased a homeowner's insurance policy (the "Policy") from defendant to cover the property located at 630 Woodbury Drive, Port Charlotte, FL 33954 (the "Property"). (Id. ¶ 6.) The Policy provided insurance coverage which included coverage for water damage. (Id.) On August 1, 2017, the Policy was in full force and effect. (Id. ¶ 7.)

On August 1, 2017, the Property suffered damage by a water event. (Id. ¶ 8.) After the water event, Marram Corp. contracted with plaintiff to provide services to repair the damage to the Property from the water event. (Id. ¶ 9.) In connection with these services, Marram Corp. agreed to allow the direct billing of the services rendered by plaintiff to defendant and executed an assignment of rights under the Policy to plaintiff. (Id.) Defendant assigned claim number 01779012 to the loss. (Id.) Plaintiff submitted bills and/or estimates for the services provided at the Property to defendant. (Id. ¶ 10.) Plaintiff has not been paid or has been underpaid by defendant for these services. (Id.)

Plaintiff filed a two-count complaint against defendant for breach of contract and breach of contract with implied equitable

2

assignment of benefits arising out of the non-payment and/or underpayment of the bills submitted to defendant relating to the water event. (Doc. #2.) On May 15, 2018, plaintiff filed an Amended Complaint, solely changing the name of the plaintiff from "The Wright Way Emergency Water Removal LLC/Reynolds Ventures, Inc., a/a/o Marram Corp." to "Reynolds Ventures, Inc. d/b/a Wright Way Emergency Services a/a/o Marram Corp." (Doc. #10.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Defendant seeks to dismiss plaintiff's Amended Complaint because (1) the assignment of benefits is vague and instead of identifying a specific assignee of benefits, it names two alternative companies, (2) plaintiff fails to allege ultimate facts to support its causes of action, and (3) plaintiff's request for attorney's fees should be stricken. (Doc. #17.)

**A. The Assignment of Benefits**

The Assignment of Benefits relevant to this matter contains the following language: "I, hereby, assign any and all insurance rights, benefits, proceeds and any causes of action under *any*

4

applicable insurance policies to WrightWay Emergency Services and/or Reynolds Ventures Inc. (hereinafter referred to as RVI/WW), for services rendered or to be rendered by RVI/WW." (Doc. #10-1, p. 2.)

Defendant's first basis for dismissing plaintiff's Amended Complaint is that the Assignment of Benefits is vague because it lists two assignees and is therefore void. (<u>Id.</u> at 7-8.) In response, plaintiff asserts that the Assignment of Benefits is not vague because Wrightway Emergency Services and Reynolds Ventures, Inc. are the same entity, and that "Wrightway Emergency Services" is the fictitious name listed for "Reynolds Ventures, Inc." (Doc. #20, p. 4.) As support, plaintiff attaches a copy of the Assignment of Benefits and the registration of the fictitious name with the Florida Division of Corporations. (Docs. ##20-1, 20-2.)

Florida companies are allowed to conduct business under a fictitious name as long as they register the name with the Division of Corporations of the Department of State. Fla. Stat. § 865.09(3)(a). Here, Wrightway Emergency Services is registered as the fictitious name for its owner, Reynolds Ventures, Inc. (Doc. #20-2.) The Court therefore does not find the assignment of benefits to be vague and denies the Motion to Dismiss on this basis.

### B. Sufficiency of Causes of Action

Defendant next asserts that plaintiff's Amended Complaint fails to allege facts sufficient to support the causes of action for "breach of contract" and "breach of contract with implied equitable assignment of benefits." (Doc. #17, pp. 8-9.) Defendant asserts that plaintiff's Amended Complaint alleges that the property was damaged by a water event without describing the nature of the damage or the cause or nature of the water event, and not all water events are covered under the policy at issue. (Id.)

The Court finds that the Amended Complaint satisfactorily meets the necessary pleadings standard and puts defendant on notice of what plaintiff is claiming. While plaintiff does refer to a general water event in the body of the Amended Complaint, attached to the Amended Complaint are the invoices that were submitted in connection with the work performed that describe in more detail the work performed to fix the water damage. Further, plaintiff alleges that the water event is covered under the policy. The Court finds that this is sufficient to meet the applicable pleading standard and that more specificity is not required. The Court therefore declines to dismiss the Amended Complaint on this basis.

### C. Demand for Attorneys' Fees

Defendant asserts that plaintiff's request for reasonable attorney fees must be stricken because plaintiff requests attorney fees pursuant to Florida Statute section 627.428 and defendant is

a surplus lines insurer to which this section does not apply. (Doc. #17, pp. 9-10.)  Plaintiff responds that if defendant is in fact a surplus lines insurer, then defendant would be liable for attorney fees pursuant to Florida Statute section 626.9373, and requests leave to amend to add Florida Statute 626.9373 as a basis for attorneys' fees. (Doc. #20, p. 9.)

A review of the statute cited in the Amended Complaint for which plaintiff seeks attorneys' fees does <u>not</u> apply to surplus lines insurers. Fla. Stat. § 626.913(4).  Therefore, it does appear that the attorneys' fee provision cited in the Amended Complaint would not apply to defendant if it is in fact a surplus lines insurer.  However, as pointed out by plaintiff, Florida Statute section 626.9373 contains an attorneys' fees provision that applies to surplus lines insurers.  Therefore, the Court will allow plaintiff to file a Second Amended Complaint to add the attorneys' fee provision set forth in Florida Statute section 626.9373.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss plaintiff's Amended Complaint and Motion to Strike Demand for Attorney's Fees (Doc. #17) is **denied** and plaintiff is granted leave to file a Second Amended Complaint adding Florida Statute 626.9373 as basis for recovering

attorneys' fees within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record