UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REYNOLDS VENTURES, INC.
D/B/A WRIGHT WAY EMERGENCY
SERVICESother Marram Corp.,

    Plaintiff,

v.                              Case No:  2:18-cv-306-FtM-29MRM

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Compel Appraisal and to Abate All Proceedings Pending Completion of Appraisal and Memorandum of Law (Doc. #4) filed on May 3, 2018. Plaintiff filed a Response in Opposition to Defendant's Motion to Compel Appraisal and to Abate All Proceedings Pending Completion of Appraisal (Doc. #14) on May 25, 2018, to which defendant filed a Reply (Doc. #18) on June 1, 2018.[1]  For the reasons set forth below, the Motion is granted.

---

[1] Defendant filed a Reply to its Motion to Compel Appraisal and to Abate All Proceedings Pending Completion of Appraisal without complying with the Local Rules. See M.D. Fla. R. 3.01(c) ("No party shall file any reply or further memorandum directed to a motion or response . . . unless the Court grants leave."). Therefore the Reply and its attachments will not be considered in ruling on the Motion.

**I.**

Plaintiff initially filed this matter in the name of "The Wright Way Emergency Water Removal, LLC/Reynolds Ventures, Inc. a/a/o Marram Corp." in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.[2] (Doc. #2.) Defendant, Scottsdale Insurance Company ("Scottsdale") removed the matter to this Court on May 3, 2018 pursuant to 28 U.S.C. § 1332. (Doc. #1.) On May 15, 2018, plaintiff filed an Amended Complaint revising its name in the caption. (Doc. #10.) Plaintiff's name in the caption now reads "Reynolds Ventures, Inc. d/b/a Wright Way Emergency Services a/a/o Marram Corp." (Id.) Plaintiff alleges two counts for breach of contract and breach of contract with implied equitable assignment of benefits (id.) with respect to a commercial insurance policy,[3] Policy No. CPS2489375, issued by Scottsdale (the "Policy") (Doc. #10-2). Scottsdale filed a Motion to Compel Appraisal and to Stay litigation and to Delineate and Itemize Appraisal Award (Doc. #19) on May 3, 2018.

---

[2] Prior to filing this lawsuit, plaintiff filed a lawsuit against Nationwide Property and Casualty Insurance, which was voluntarily dismissed due to it being brought against the wrong defendant. (Doc. #14, ¶¶ 8-9, 13-14.)

[3] The Amended Complaint states that the policy issued was a homeowner's insurance policy (Doc. #10, ¶ 6), yet the Policy attached appears to be a commercial insurance policy (Doc. #10-2).

At all times relevant, Marram. Corp owned property located at 630 Woodbury Drive, Port Charlotte, FL 33954 (the "Property"), which was covered by the Policy issued by defendant. (Doc. #10, ¶¶ 6-7.) On August 1, 2017, the Property suffered damage by a water event. (Id. ¶ 8.) After the water event, Marram Corp. contracted with plaintiff to provide services to repair the damage to the Property from the water event. (Id. ¶ 9.) In connection with these services, Marram Corp. agreed to allow the direct billing of the services rendered by plaintiff to defendant and executed an assignment of rights under the Policy to plaintiff.[4] (Id.; Doc. #10-1.) Defendant assigned claim number 01779012 to the loss. (Doc. #10, ¶ 9.) Plaintiff submitted bills and/or estimates for the services provided at the Property to defendant. (Id. ¶ 10.) Plaintiff has not been paid or has been underpaid by defendant for these services. (Id.) Although defendant accepted coverage for the loss, the parties dispute the extent and valuation of the services provided by plaintiff. (Id.; Doc. #14, ¶ 5.) Plaintiff claims that defendant breached the Policy by failing to pay the value of the services rendered in full, causing it damages. (Doc. #10, ¶ 15.)

---

[4] As a result of the assignment of rights, the assignee steps into the shoes of the assignor. Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 376 (Fla. 2008) ("[T]he assignor no longer has a right to enforce the interest because the assignee has obtained all rights to the thing assigned." (citations omitted)).

Scottsdale asserts that it sent plaintiff a demand for appraisal before this suit was filed.[5] (Doc. #4, ¶ 3, p. 6.) Scottsdale believes that it is entitled to appraisal because it is invoking its right to an appraisal under the "Appraisal" clause of the Policy. The Policy's Appraisal clause provides:

> **E. Loss Conditions**
>
> . . .
>
> **2. Appraisal**
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.** Pay its chosen appraiser; and
>
> **b.** Bear the other expenses of the appraisal and umpire equally.

(Doc. #4-3; Doc. #10-2, p. 69.)

Plaintiff objects to an appraisal because (1) there are disputes over coverage; (2) Scottsdale has not invoked appraisal;

---

[5] Plaintiff disputes that Scottsdale sent the demand for appraisal, alleging that although the demand was authored by current counsel for defendant, it was written in his capacity as counsel for Nationwide, not as counsel for Scottsdale. (Doc. #14, ¶¶ 20-21).

(3) and Scottsdale failed to notify plaintiff of its rights under the policy. (Doc. #14, pp. 5-6.)

**II.**

**A. Appraisal Right**

Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question. Gonzalez v. Am. Sec. Ins. Co., No. 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015) (citations omitted). However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. Id. (citations omitted); Freeman v. Am. Integrity Ins. Co. of Fla., 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015). "Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original). Thus, the question of what repairs are needed to restore a property is a question relating to the amount of loss and not coverage.

Scottsdale has stated that damages caused by the water event are covered but disputes certain components of the services provided by plaintiff. On the other hand, plaintiff believes that defendant is responsible for covering the full amount of the services rendered. Thus, because there is no dispute between the

parties that at least some of the services rendered to the Property are covered under the Policy, the remaining dispute concerning the scope of the services is not exclusively a judicial decision and may be appropriate for appraisal.

**B. Failure to Invoke**

Plaintiff contends that Scottsdale has failed to invoke the appraisal provision. (Doc. #14, pp. 5-6.)  Specifically, plaintiff asserts that the alleged appraisal demand made on March 21, 2018 was made by counsel for defendant, but in his capacity as counsel for Nationwide Property and Casualty Insurance, and not as counsel for Scottsdale. (Id. ¶¶ 11, 21.)

A review of the letter sent by David Gee on March 21, 2018 reveals that throughout the letter, Mr. Gee refers to the insurer as "Nationwide." (Doc. #14-4.)  The letter does, however, list the correct policy and claim number for the underlying water event. (Id.)  Regardless of whether this letter was in fact sent by Mr. Gee on behalf of Nationwide Property and Casualty Insurance, or on behalf of defendant, the Court finds that defendant's Motion to Compel Appraisal is sufficient to invoke the appraisal provision in the Policy.  The Complaint was initially filed on April 10th in state court, defendant removed the matter on May 3, 2018 to this Court, and also filed a Motion to Compel Appraisal on the same day, less than a month after the suit was initially filed. (Docs. ##1, 3.)  Although the Motion does refer to the letter at

issue, it also discusses case law for the proposition that appraisal can be invoked after suit has been filed so long as a party does not engage in conduct inconsistent with the appraisal remedy. (Doc. #4, p. 5.) Further, in the wherefore provision, defendant requests appraisal pursuant to the terms of the Policy. (Id. at 6.)

"A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." Fla. Ins. Guar. Ass'n v. Rodriguez, 153 So. 3d 301, 303 (Fla. 5th DCA 2014) (citing Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). "[T]he primary focus is whether [the party seeking appraisal] acted inconsistently with their appraisal rights." Id. (quoting Branco, 148 So. 3d at 494).

The appraisal clause does not require invocation prior to suit and Scottsdale filed its Motion to Compel Appraisal on May 3, 2018, the same day that the case was removed. See, e.g., Am. Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So. 3d 704, 707 (Fla. 1st DCA 2010) (indicating appraisal demand was timely as policy did not contain any language to invoke appraisal within set time from receiving or waiving sworn proof of loss); Fla. Ins. Guar. Ass'n v. Castilla, 18 So. 3d 703, 703-05 (Fla. 4th DCA 2009); (explaining appraisal clause may be invoked for first time after litigation has commenced and concluding that party did

not act inconsistently with right to appraisal by participating in suit); Gonzalez v. State Farm Fire & Cas. Co., 805 So. 2d 814, 818 (Fla. 3d DCA 2000) (finding no waiver where motion to compel appraisal was made within thirty days of filing the lawsuit). Cf. Shoma Dev. Corp. v. Rodriguez, 730 So. 2d 838 (Fla. 3d DCA 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause).

Therefore, the Court finds that defendant sufficiently invoked the appraisal provision.

**C. Compliance with Florida Statute § 627.7015**

Plaintiff asserts that defendant's failure to notify plaintiff of its right to participate in the mediation program pursuant to Florida statute sections 627.7015(2) & (7) constitutes a waiver of the appraisal provision. (Doc. #14, pp. 7-10.)

These sections require the insurer to provide the policyholder with notice of its right to participate in mediation. Fla. Stat. § 627.1015(2). They further provide that the failure to give notice obviates the requirement that the policyholder participate in the appraisal process prior to filing a lawsuit. Id. § 627.1015(7).

While this is true, as previously indicated by this Court, Florida Statute section 626.913 clearly states that Chapter 627 does not apply to surplus line insurers unless specifically stated

otherwise. Fla. Stat. § 626.913(4) ("Except as may be specifically stated to apply to surplus line insurers, the provisions of chapter 627 do not apply to surplus lines insurance authorized under ss. 626.913-626.937, the Surplus Lines Law."). Here, defendant is a surplus lines insurer. (Doc. #10-2, p. 5); see also Company Directory: Search Results, Florida Office of Insurance Regulation, https://www.floir.com/CompanySearch/ (search in company name search bar for "Scottsdale Insurance"; then follow second "Scottsdale Insurance Company" hyperlink under "Company Name") (last visited Aug. 24, 2018). Therefore, the section cited by plaintiff is inapplicable to defendant and does not relieve plaintiff of the appraisal provision.

Accordingly, the appraisal requested by Scottsdale is both mandated by the Policy and appropriate under the facts of the case. The case will be stayed while the appraisal is obtained.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel Appraisal and to Abate All Proceedings Pending Completion of Appraisal and Memorandum of Law (Doc. #4) is **GRANTED.** The Court compels appraisal and will stay the case. The parties shall cooperate in expeditiously obtaining an appraisal in the manner proscribed by the appraisal clause of the subject insurance policy, and this case is **STAYED** pending

further notification by the parties that the stay is due to be lifted.

2. The parties shall file a status report on or before **November 5th, 2018** if the appraisal is not complete or a notification has not been filed by this date.

3. The Clerk shall terminate all deadlines, administratively close the case, and add a stay flag to the docket.

**DONE and ORDERED** at Fort Myers, Florida, this _5th_ day of September, 2018.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record